IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

FARRIS PALMORE and the Inmates      *
of the Dothan City Jail
                                     *
    Plaintiffs,
                                     *
    v.                                1:06-CV-503-MHT
                                     *       (WO)
D.T. MARSHAL, *et al.*,
                                     *
    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Farris Palmore, a city jail inmate, challenges actions of employees of the Dothan City Jail.  Plaintiff indicates in the caption of his complaint that he seeks to file/proceed in this action on behalf of all inmates incarcerated at the Dothan City Jail.  (Doc. No. 1 at pg. 1.)  The court, therefore, construes the complaint to contain a motion for class certification under Rule 23, *Federal Rules of Civil Procedure*.  Upon consideration of the motion for class certification, the court concludes that this motion is due to be denied.

**DISCUSSION**

Plaintiff is an inmate presently incarcerated at the Dothan City Jail who seeks to

represent other inmates confined therein. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. The court concludes that the *pro se* prisoner plaintiff is not an adequate class representative able to fairly represent the class. *See Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F.Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981). Class certification in this case is therefore improper. Thus, Plaintiff's motion for class certification is due to be denied.

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's motion for class certification (Doc. No. 1.) be DENIED. It is further the RECOMMENDATION of the Magistrate Judge that this case be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 27, 2006**. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of June 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE